# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL KENNEDY,<br>    *Plaintiff*,<br><br>v.<br>SUPREME FOREST PRODUCTS, INC., *and*<br>SUPREME INDUSTRIES, INC.,<br>    *Defendants*. | No. 3:14-cv-01851 (JAM) |

## MEMORANDUM RE THE STANDARD OF PROOF

    Plaintiff Michael Kennedy has filed suit against defendants Supreme Forest Products, Inc., and Supreme Industries, Inc., alleging that they violated the federal Surface Transportation Assistance Act (STAA) by terminating his employment on April 3, 2014, for refusing to drive trucks that were loaded over the federal legal weight limit. Both parties have submitted proposed jury instructions requiring the jury to find that plaintiff has proved his claim by "clear and convincing evidence." For the reasons that I will explain below, I doubt that the appropriate standard is clear and convincing evidence, rather than the usual civil standard of a preponderance of the evidence. The parties are invited to address this issue in light of the concerns I discuss below.

    Plaintiff's claim arises under 49 U.S.C. § 31105(a)(1)(B)(i), a provision of the STAA that prohibits a person from discharging an employee because of the employee's refusal to operate a vehicle in violation of a federal vehicle safety regulation. An employee alleging a violation of this prohibition may file a complaint with the Secretary of Labor, who may investigate the claim. *Id.*, § 31105(b)(1). If, however, the Secretary does not issue a final decision regarding the complaint within 210 days of its filing, then "the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States." *Id.*, § 31105(c).

1

Here, plaintiff has alleged that he filed an administrative complaint and did not receive a decision within 210 days.

The STAA was amended in 2007 to specify that an administrative complaint filed with the Department of Labor "shall be governed by the legal burdens of proof set forth in" the whistleblower provision of the Wendall H. Ford Aviation Investment and Reform Act for the 21st Century, 49 U.S.C. § 42121(b)(2)(B). *See* 49 U.S.C. § 31105(b)(1); *Formella v. U.S. Dep't of Labor*, 628 F.3d 381, 389 (7th Cir. 2010) (noting several statutes that incorporate the AIR Act's standards). Those standards require a plaintiff to make a *prima facie* showing that protected conduct was a contributing factor in an unfavorable personnel action, then permit a defendant to rebut that showing by clear and convincing evidence that the defendant would have taken the adverse action anyway. *See* 49 U.S.C. § 42121(b)(2)(B); *Formella*, 628 F.3d at 389. Some courts have also held that there is a third step in which a plaintiff under the STAA may overcome that rebuttal to show that the defendant's reason is pretextual. *See, e.g.*, *Gaines v. K-Five Const. Corp.*, 742 F.3d 256, 263–64 (7th Cir. 2014); *but see Maverick Transp., LLC v. U.S. Dep't of Labor, Admin. Rev. Bd.*, 739 F.3d 1149, 1155 (8th Cir. 2014) (not mentioning a final pretext step).

While the AIR Act's standards do include a step with a "clear and convincing" standard, that standard does not apply to a plaintiff but applies only to a *defendant* when rebutting a plaintiff's *prima facie* showing. In contrast, courts analyzing a plaintiff's burden under the STAA apply a preponderance standard for the *prima facie* step, or, where applicable, when discussing a plaintiff's "ultimate burden" after a defendant has attempted to rebut the plaintiff's *prima facie* case. *See, e.g.*, *Calhoun v. U.S. Dep't of Labor*, 576 F.3d 201, 209 (4th Cir. 2009); *Formella v. U.S. Dep't of Labor*, 628 F.3d at 389; *Ridgley v. U.S. Dep't of Labor*, 298 F. App'x

2

447, 452 (6th Cir. 2008); *Lopez v. Star Tex Gasoline & Oil Dist.*, 2015 WL 12550935, at *3 (S.D. Tex. 2015).

Additionally, the Department of Labor's implementing regulations for § 31105 appear to require ALJs to use a preponderance standard, 29 C.F.R. § 1978.109(a), and the Department's Administrative Review Board regularly applies that standard as well. *See, e.g.*, *In the Matter of Curtis C. Dick v. Tango Transport*, ARB No. 14-054, 2016 WL 4718915, at *8 (DOL Adm. Rev. Bd. 2016); *In the Matter of Julie Keeler v. J.E. Williams Trucking*, ARB No. 13-070, 2015 WL 4071575, at *3 (DOL Adm. Rev. Bd. 2015); *In the Matter of Juan Nevarez v. Werner Enterprises*, ARB No. 14-010, 2015 WL 6778016, at *4 (DOL Adm. Rev. Bd. 2015).

I have found no case in an administrative body or federal court holding an STAA plaintiff to the "clear and convincing" standard. There is no apparent support for the parties' contention that plaintiff must prove his case by a standard of clear-and-convincing evidence.

While there is not a post-2007 case in the Second Circuit addressing this issue, I am also persuaded by what appears to be the general practice of other courts and the Department of Labor as well as the longstanding principle that only "exceptional sorts of civil cases" require a plaintiff to prove his claim by more than a preponderance of the evidence. *Campbell v. Holder*, 480 Fed. App'x 31, 33 (2d Cir. 2012) (quoting *Larson v. Jo Ann Cab Corp.*, 209 F.2d 929, 930–31 (2d Cir. 1954)). Unless the parties can identify authority or reasons that I have not considered, I do not intend to instruct that jury in this case that plaintiff must prove his claim by a standard of clear-and-convincing evidence.

It is so ordered.

Dated at New Haven, Connecticut, this 25th day of May 2017.

                                                    /s/ *Jeffrey Alker Meyer*
                                                    Jeffrey Alker Meyer
                                                    United States District Judge